IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORA VARGAS, on behalf of herself and others similarly situated, | § § § | |
| Plaintiff, | § § | 3:23-CV-02689-B |
| v. | § § | |
| PANINI AMERICA, INC., | § § | |
| Defendant. | § | |

### ORDER TO SHOW CAUSE

In its Reply in Support of its Partial Motion to Dismiss (Doc. 23), Defendant Panini America, Inc. ("Panini") raised several instances in which Plaintiff's Response to the Partial Motion to Dismiss (Doc. 22) appears to misstate a legal proposition or assert unsupported legal propositions. Having reviewed the examples raised, the Court agrees that Plaintiff's Response indeed contains misstatements of law and provides unsupported legal propositions. Panini concluded such errors in the Response showed signs of AI-generated argument. Additionally, Panini alerted the Court that one of the signatories of the Response to the Partial Motion to Dismiss, John T. Fant, has neither shown he is admitted to practice in the Northern District of Texas nor sought leave to appear before the Court under this District's Local Rules. John T. Fant is a lawyer from the law firm Weinberg Zareh Malkin Price LLP ("WZMP"), which is one of the two firms representing Vargas and the purported class. None of the WZMP attorneys—Omar Zareh, William Pham, John Fant—have entered an appearance or otherwise submitted an application to appear *pro hac vice* in this case

-1-

although they have all sworn to have worked on the Response. *See* L.R. 83.9; Doc. 22, Resp., 3; Doc. 24, Ltr., Exs. A & B.

On July 17, 2024, Plaintiff's Dallas-based counsel, Rogge Dunn Group, filed a letter addressing the issues Panini raised ("Letter"). Doc. 24, Ltr. Plaintiff's counsel denies having used AI: "All attorneys whose names appear on, and who worked on, the Response state unequivocally and without reservation or hesitation that no artificial intelligence was used, relied on, or accessed in preparing the response." *Id.* at 3. The attorneys whose names appear on the Response are Rogge Dunn, Lane Webster, Earl S. Nesbitt, and John T. Fant. However, the Letter is only signed and sworn by the first three attorneys. John T. Fant has not attested to his use of AI one way or another. Rogge Dunn Group submits two attorney declarations from WZMP's Zareh and Pham, who both attest that they worked on the Response but did not use AI. *Id.* at 8–9. Rogge Dunn Group does not explain why neither of these WZMP attorneys was cited as an author of the Response, especially given that Mr. Fant, the junior-most WZMP attorney on this case, was included in the signature block. That Rogge Dunn intended to first file a *pro hac vice* application for Mr. Fant does not explain the decision to hide from the Court two more senior attorneys' role in authoring the Response. Neither have any Plaintiff's counsel explained why no WZMP attorney is in compliance with Local Rule 83.9.

As for the substance of their Response, Rogge Dunn Group chalks up the entirety of the miscited law and unsupported legal propositions to "mistakes . . . a lack of familiarity amongst counsel, siloed research and knowledge, and poor integration of the work product of multiple attorneys." *Id.* at 2. While Plaintiff's counsel apologizes for its "typos and mis-citations," the Court does not find its excuse to adequately explain how the Response ended up citing to cases that do

not stand for the propositions they are cited for. Coordinating and merging work product across multiple attorneys is not new, nor does it explain the sheer level of misrepresentation that results from reading the Response on its face. Plaintiff's counsel acknowledge that at least four cases "should not have made their way into the Response" without explaining how they got there in the first place. *Id.* at 5. Perhaps "sloppiness and inattention" can explain the incorrect case citations and quotes, but the Court is not convinced it explains multiple instances of incorrectly supported legal propositions. *Id.* at 6. Notwithstanding the unresolved concern that Plaintiff's counsel used AI to draft the Response, the incorrectly stated or unsupported legal propositions raise serious concerns about representations to the Court.

Accordingly, on or before **July 24, 2024**, all WZMP attorneys working on this case, including but not limited to Mr. Fant, Mr. Zareh, and Mr. Pham, are **ORDERED** come into compliance with Local Rule 83.9. Additionally, on or before **July 26, 2024,** all Plaintiff's counsel—from Rogge Dunn Group and WZMP—is **ORDERED** to do the following:

1. Review the legal authorities in the Response that the Letter has not already touched upon and **CONFIRM IN WRITING** to the Court whether there are any other authorities cited that do not stand for the legal or factual proposition offered;

2. **SHOW CAUSE** in writing (i) why they should be not sanctioned for violating Federal Rule of Civil Procedure 11 and Texas Disciplinary Rule of Professional Conduct 3.03, and (ii) why John T. Fant has not sworn a declaration concerning his use of AI, or lack thereof, in drafting the Response. Failure to do so will result in sanctions.

SO ORDERED.

SIGNED: July 19, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE