UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORA VARGAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-CV-2689-B |
| § | |
| PANINI AMERICA, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Panini America, Inc. ("Panini")'s Motion to Partially Dismiss Plaintiff's Second Amended Complaint and Motion to Strike (Doc. 57). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Panini's Motion.

### I.

### BACKGROUND

This is an employment dispute. Plaintiff Nora Vargas is a Hispanic woman who worked as a Pre-press Imaging Production Coordinator for Panini. Doc. 52, Second Am. Compl., ¶¶ 2, 31, 50. Panini is a sports memorabilia company. *Id.* ¶ 14. Vargas alleges that she was discriminated against by her supervisor and other Panini employees because of her race. *See generally id.* Vargas does not allege that she was harassed because of her gender. *See generally id.*

One of Vargas's supervisors criticized another Hispanic employee for being distracted by her children and later asked Vargas "if she had children and would be distracted by them." *Id.* ¶¶ 39–40. Vargas states that she was frequently and inappropriately asked about her family plans and "her role as a working Hispanic mother." *Id.* ¶ 41.

That same supervisor also criticized Vargas's and other Hispanic employees' work performances while praising white employees' performances. *Id.* ¶ 42. Vargas was assigned "an unrealistic amount of work that she could not complete, even if she worked overtime." *Id.* ¶ 43. And while Vargas complained about this treatment to Panini, these complaints were "consistently ignored or dismissed." *Id.* ¶ 45. Panini also let some white employees work remotely during Covid-19 but required Vargas to work in the office. *Id.* ¶ 46. Vargas's work environment caused her so much stress that she developed stress marks on her back. *Id.* ¶ 44.

In April 2021, Vargas applied for a promotion in the Photography Department. *Id.* ¶ 32. One of Vargas's supervisors told her that she was qualified for the position and encouraged her to apply. *Id.* ¶ 34. But Panini hired a white person from outside the company instead. *Id.* ¶ 35.

Vargas brings three claims under 42 U.S.C. § 1981: (1) hostile work environment; (2) constructive discharge; and (3) failure to promote. *Id.* ¶¶ 67–76, 77–84, 85–96. In her Prayer for Relief, Vargas also requests a declaratory judgment that Panini's employment practices violate § 1981 and that Panini has engaged in racial discrimination. *Id.* ¶¶ 99–100. Panini moves to dismiss the hostile work environment and constructive discharge claims, strike paragraphs 63–66 of the Second Amended Complaint, and dismiss Plaintiff's request for declaratory judgment. *See* Doc. 57, Mot., 2. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED.

R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration and citation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration and citation omitted).

## III.

## ANALYSIS

The Court grants in part and denies in part Panini's Motion to Dismiss. First, the Court denies as moot Panini's Motion to Strike four paragraphs in the Second Amended Complaint and Panini's Motion to Dismiss as to Vargas's request for declaratory judgment. Second, the Court grants Panini's Motion to Dismiss as to Vargas's hostile work environment and constructive discharge claims. These claims are dismissed with prejudice.

A.  *The Court Denies as Moot Panini's Motion to Strike and Motion to Dismiss Vargas's Claim for Declaratory Judgment.*

Panini moves to dismiss Vargas's claim for declaratory judgment and moves to strike four paragraphs in Vargas's Second Amended Complaint. Doc. 58, Br. Mot., 6–7. The Court denies both requests as moot because Vargas has clarified that she is not asserting a separate declaratory judgment claim and that she is not asserting any additional § 1981 claims in the paragraphs that Panini moved to strike.

1. The Court Denies the Motion to Dismiss the Declaratory Judgment Claim as Moot.

Vargas did not assert a separate claim seeking a declaratory judgment. In her Prayer for Relief, Vargas requests a declaratory judgment that: Panini's employment policies violate § 1981; Panini discriminated against Vargas; and that Panini created a hostile work environment. Doc. 52, Second Am. Compl., ¶¶ 99–100. Panini moves to dismiss this "claim," arguing that it was improperly pled because Vargas did not assert a claim under the Declaratory Judgment Act. Doc. 58, Br. Mot., 13. In her Response, Vargas clarified that she did not assert an independent declaratory judgment cause of action. Doc. 59, Resp., 18. Because Vargas did not assert a claim seeking a declaratory judgment, the Court denies this request as moot.

2. The Court Denies Panini's Motion to Strike as Moot.

Panini moves to strike paragraphs 63–66 of Vargas's complaint on the grounds that they impermissibly plead additional, unsupported causes of action under § 1981.[1] Doc. 58, Br. Mot., 6–7. Panini claims that these four paragraphs serve as a "preamble" that would allow Vargas to use "a

---

[1] Panini also argues for first time in its Reply that the Court should strike these four paragraphs because they are redundant, immaterial, and would prejudice Panini. Doc. 61, Reply, 9. However, the Court will not consider an argument that Panini raised for the first time in a Reply brief. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

kitchen sink approach to pleading." *Id.* at 6. Panini contends that these paragraphs would potentially allow Vargas to argue that she has asserted nine § 1981 claims, while her Second Amended Complaint only expressly asserts three. *Id.*

However, Vargas clarified in her Response that paragraphs 63–66 do not plead separate causes of action. Doc. 59, Resp., 7–8. Instead, Vargas characterizes these paragraphs as "general legal standards," and states that her "Claims for Relief . . . begin with paragraph 67 of the complaint." *Id.* at 8. Further, Vargas acknowledges that she only asserted "Section 1981 claims of hostile work environment, constructive discharge and failure to promote." *Id.* at 3. Because Vargas is not using these four paragraphs to assert additional causes of action, the Court denies Panini's Motion to Strike as moot.

B.   *Vargas Failed to State a Claim for Hostile Work Environment.*

To state a claim for a hostile work environment under § 1981, a plaintiff must allege:

> (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the claimed harassment was based on the protected characteristic; (4) the claimed harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.

*Sanchez v. Chevron N. Am. Expl. & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)); *see also Frank v. Xerox Corp.*, 347 F.3d 130, 137–38 (5th Cir. 2003) (using the same framework to assess the plaintiff's hostile work environment claims under Title VII and § 1981). "Harassment generally takes the form of discriminatory intimidation, ridicule, and insult that rises to the level of hostile or abusive." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 509 (5th Cir. 2024) (quotations omitted).

Here, Vargas alleges that she was subjected to unwelcome harassment because she is

Hispanic. Doc. 52, Second Am. Compl., ¶ 69. Importantly, she does not allege that she was subjected to unwelcome harassment because of her gender. *See id.* Nor could she assert such a claim under § 1981. *See Payne v. Travenol Lab'ys, Inc.*, 673 F.2d 798, 815 (5th Cir. 1982) ("Section 1981, of course, does not embrace sex discrimination claims.").

Panini argues that Vargas has failed to allege harassment that affected a term, condition, or privilege of her employment. Doc. 58, Br. Mot., 10–12. To satisfy the fourth element of a hostile work environment claim, the harassment "must be sufficiently severe or pervasive such that it alters the conditions of the victim's employment and creates an abusive environment." *Ayorinde*, 121 F.4th at 509 (quotations omitted). This element requires the harassment to be both subjectively and objectively hostile. *See id.* While Vargas may have subjectively believed the harassment was hostile, she has failed to allege that it was objectively hostile.

### 1. Vargas Alleged That Panini's Harassment was Subjectively Hostile.

Vargas adequately alleged that the harassment she received from her supervisor and coworkers was subjectively hostile. She alleged that she took great offense at being asked if she had children. Doc. 52, Second Am. Compl., ¶¶ 40–41, 44–45. Further, she alleged that the harassment bothered her so much that she developed stress marks on her back. *Id.* ¶ 44. Thus, Vargas sufficiently alleged a subjectively hostile work environment.

### 2. Vargas Failed to Allege That Panini's Harassment Was Objectively Hostile.

Vargas has failed to allege sufficient facts to allow the Court to draw the reasonable inference that the harassment was objectively hostile. When deciding whether the harassment was objectively hostile, courts apply a "totality of the circumstances" test, which requires assessing several factors: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically

threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *Montgomery-Smith v. George*, 810 F. App'x 252, 259 (5th Cir. 2020) (quoting *E.E.O.C. v. WC&M Enterp., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)). Here, all four factors suggest that the harassment was not objectively hostile.

First, the harassment that Vargas has alleged is not severe. Vargas's supervisor asked her if she had children that would distract her from her work. Doc. 52, Second Am. Compl., ¶ 40. She then alleges that other employees "repeatedly" asked her "demeaning, inappropriate questions about her family plans and . . . subjected [her] to disparaging remarks regarding her role as a working Hispanic mother." *Id.* ¶ 41. But she does not allege that a Panini employee used any slurs or unambiguous racial epithets. *See Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022) (finding that a plaintiff adequately alleged an objectively hostile work environment when his supervisor "called him a 'Lazy Monkey A__ N___' in front of his fellow employees"). Even if asking Vargas whether she has children and if her children would distract her qualifies as race-based harassment,[2] it is not severe enough to constitute an objectively hostile work environment. *See id.* While this question may be insensitive, it is not an unambiguous racial epithet and is instead, at the very most, narrowly connected to Vargas's race. Thus, the low severity of this questioning weighs against finding an objectively hostile work environment.

Second, the frequency of the harassment also weighs against finding an objectively hostile work environment. Vargas does not allege that there was a continuous pattern of harassment. While Vargas alleges that other employees "repeatedly" asked questions about family planning, she fails to

---

[2] Panini did not argue until its Reply that comments about Vargas having children were not harassment based on her race. Doc. 61, Reply, 5. Because this argument was not raised in its Motion to Dismiss, the Court will not consider it. *See Cain*, 600 F.3d at 541.

provide any details that would allow the Court to draw the reasonable inference that this harassment was pervasive. For example, she did not specify how frequently she was asked these questions. Nor did she indicate over how long of a period her coworkers[3] asked these questions. Thus, Vargas has failed to demonstrate that the questioning was so frequent or pervasive as to create a hostile work environment. *See Thackston v. Driscoll*, No. SA-24-CV-00276-FB, 2025 WL 938853, at *12 (W.D. Tex. Mar. 11, 2025), *report and recommendation adopted*, No. CV SA-24-CA-276-FB, 2025 WL 939695 (W.D. Tex. Mar. 27, 2025) (finding, in an ADA hostile work environment case, that a plaintiff failed to allege pervasive harassment when he merely alleged that his coworkers "repeatedly" questioned the plaintiff about his disability).

The third factor also weighs against Vargas's work environment being objectively hostile. While being asked questions about family planning is offensive, it is not physically threatening or humiliating. *See Montgomery-Smith*, 810 F. App'x at 259.

Fourth, Vargas did not allege that the harassment interfered with her performance at work. She did not allege that the harassment prevented her from completing any of her responsibilities. For example, she did not allege that Panini "withheld documents needed for [Vargas] to complete [her] job" or that Panini excluded her from important work functions. *See Gutierrez v. Zavala Cnty. Appraisal Dist.*, No. DR-23-CV-00059-AM-MHW, 2024 WL 3490079, at *4 (W.D. Tex. May 28, 2024), *report and recommendation adopted*, No. DR-23-CV-00059-AM-MHW, 2024 WL 3488089 (W.D. Tex. July 16, 2024). Because all four factors suggest that Vargas's work environment was not objectively hostile, Vargas failed to allege that the harassment affected a term, condition, or privilege

---

[3] In her Second Amended Complaint, Vargas does not specify who "repeatedly" asked her inappropriate questions about her family plans. Doc. 52, Second Am. Compl., ¶ 41. But in her Response, she argues that she alleged her supervisor repeatedly asked her these questions. Doc. 59, Resp., 13. Regardless of who made these comments, they do not support an inference that the harassment was severe or pervasive.

of employment.

Vargas argues that she alleged a totality of circumstances that plausibly states a hostile work environment claim. Doc. 59, Resp., 15. She partially relies on the fact she was "assigned an unrealistic amount of work . . . , required to work under disparate conditions . . . , unfairly criticized by her supervisor . . . , ignored or dismissed when she complained about the discriminatory treatment, . . . and . . . denied a promotion." *Id.* However, these allegations do not describe harassment.

To adequately allege a hostile work environment claim, Vargas needs to allege that *harassment*—not disparate treatment—affected a term or condition of her employment. *See Sanchez*, 2021 WL 5513509 at *6. Here, many of Vargas's allegations only suggest that she received worse treatment than white employees, but such allegations cannot sustain a claim for hostile work environment. *See Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 274133, at *5 (N.D. Tex. Jan. 20, 2017) (Fitzwater, J.) ("Preferential treatment, however, is not harassment. While preferential treatment might give rise to a disparate treatment claim under Title VII, it is not the type of harassing conduct that can support a hostile work environment claim." (internal footnote omitted)).

Some courts have considered acts of disparate treatment to help contextualize allegations of harassment or offensive language, but they have still required the plaintiff to separately allege harassing conduct. For example, "directing slurs or other highly offensive language at a plaintiff, especially in context of other unfair conduct," has been found to be "sufficient to allege a hostile work environment." *Gutierrez*, 2024 WL 3490079 at *4. In *Gutierrez*, the plaintiff alleged that his supervisor regularly used homophobic slurs when referring to the plaintiff. *Id.* The court then

evaluated this "highly offensive language" while also considering allegations that the plaintiff's supervisor treated him worse than other employees that were outside of his protected class. *Id.* Thus, the acts of disparate treatment simply provided additional context that further indicated the highly offensive language was objectively hostile.

Similarly, in *Goings v. Lopinto*, a plaintiff adequately pleaded a hostile work environment claim because his supervisor regularly used homophobic slurs and "derogatory terms targeting homosexual individuals." No. 22-2549, 2023 WL 2709826 at *5 (E.D. La. Mar. 30, 2023). In addition to this offensive language, the court also considered the fact that the plaintiff suffered adverse employment actions such as a suspension and a transfer to a less desirable shift. *Id.* at *6. But the court's primary focus was the harassment directed at the plaintiff, not the alleged disparate treatment. *See id.*

Thus, acts of disparate treatment can, at the most, provide courts with additional context when evaluating whether the alleged harassing conduct is objectively hostile. However, the plaintiff must still separately allege harassing conduct to state a claim for a hostile work environment.

Vargas claims that her supervisor was "overly critical of Hispanic employees while continuously praising [white] employees" and that she was "assigned an unrealistic amount of work that she could not complete." Doc. 52, Second Am. Compl., ¶¶ 42–43. She further alleges that white employees were allowed to work remotely but that Vargas was not. *Id.* ¶ 46. However, allegations that she received worse treatment than white employees cannot independently constitute harassment. *See Robinson v. Paulson*, No. CIV.A. H-06-4083, 2008 WL 4692392, at *20 (S.D. Tex. Oct. 22, 2008) ("Alleged acts of disparate treatment cannot be transformed, without more, into a hostile work environment claim.").

Next, Panini ignoring Vargas's complaints about discriminatory treatment also does not render her harassment objectively hostile. Allegations that a company ignored an employee's complaints about harassment or discrimination can establish that the company knew about the harassment. *Sanchez*, 2021 WL 5513509 at *6. But such allegations do not speak to whether the alleged harassment was objectively hostile.

Vargas then suggests that her "unjustified promotion denial" contributed to Panini's "objectively and subjectively hostile work environment." Doc. 59, Resp., 12. However, allegations that Panini failed to promote Vargas cannot be used establish a hostile work environment claim. *See Montgomery-Smith*, 810 F. App'x at 259 ("Denials of promotions . . . are not offensive or harassing in the way necessary to support a hostile work environment claim.").

Lastly, these alleged acts of disparate treatment do not provide context that suggests Panini's harassment of Vargas was objectively hostile. As discussed above, the alleged harassment—the questions about Vargas's family planning—did not contain any "highly offensive language." Further, the harassment was not frequent, severe, or physically threatening, and it did not interfere with Vargas's work performance. *See Gutierrez*, 2024 WL 3490079 at *4. Therefore, the acts of disparate treatment cannot be used to support a claim for hostile work environment.

In sum, Vargas has failed to allege that her harassment was severe or frequent enough to be objectively hostile. Accordingly, the Court grants Panini's Motion to Dismiss as to Vargas's claim for hostile work environment.

C.     *Vargas Failed to State a Claim for Constructive Discharge.*

A claim for constructive discharge requires a showing of facts more severe than what is required to allege a claim for hostile work environment. *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 407

(5th Cir. 2021). The plaintiff must plausibly allege that the employer made her working conditions "so intolerable that a reasonable employee would feel compelled to resign." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008). Because Vargas failed to state a claim for hostile work environment, she has likewise failed to plausibly allege that she was constructively discharged. *See Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 655 (N.D. Tex. 2019) (Boyle, J.) ("[H]aving dismissed Plaintiff's hostile-work-environment claim, the Court is bound to dismiss his claim based on constructive discharge as well."). Accordingly, the Court grants the Motion to Dismiss as to Vargas's constructive discharge claim.

D. *The Court Dismisses Vargas's Claims for Hostile Work Environment and Constructive Discharge with Prejudice.*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would

fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Here, Vargas has had three opportunities to state a claim for a hostile work environment and constructive discharge. The Court previously dismissed Vargas's claims for failure to state a claim without prejudice. Doc. 49, Order, 6. Vargas has again failed to adequately allege these two claims. And Vargas has failed to identify any additional facts that she would allege if the Court were to grant her leave to amend. Thus, the Court finds that it would be futile to grant her leave to amend. *See Stripling*, 234 F.3d at 873. Accordingly, the Court dismisses her § 1981 claims for hostile work environment and constructive discharge with prejudice.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Panini's Motion (Doc. 57). Specifically, the Court **DENIES AS MOOT** the Motion to Strike Paragraphs 63–66 of Vargas's Second Amended Complaint and Panini's Motion to Dismiss Vargas's request for declaratory judgment. The Court **GRANTS** the Motion as to Vargas's claims for hostile work environment and constructive discharge and **DISMISSES** these claims **WITH PREJUDICE**. The only claim remaining in this lawsuit is Vargas's 42 U.S.C. § 1981 claim for failure to promote. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Panini must file an answer to the Second Amended Complaint within **fourteen (14)** days of this Order.

SO ORDERED.

SIGNED: May 8, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE