**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NORA VARGAS,** | § | |
| *Plaintiff*, | § | |
| | § | **Civ. Action No. 3:23-cv-02689-B** |
| vs. | § | |
| | § | |
| **PANINI AMERICA, INC.,** | § | |
| *Defendant*. | § | |

### PLAINTIFF NORA VARGAS' MOTION FOR RELIEF REGARDING COURT ORDERED MEDIATION

Plaintiff Nora Vargas ("Plaintiff" or "Ms. Vargas") files this Motion for Relief Regarding Court Ordered Mediation and would show the Court as follows:

1.      This Court signed a Scheduling Order in this case dated June 18, 2025.  The Scheduling Orde requires the parties to mediate by February 20, 2026.  Per the Scheduling Order, the deadline for the completion of discovery in this case is March 23, 2026.

2.      The parties have agreed on a mediator and have had some preliminary discussions with the mediator and amongst counsel regarding scheduling the mediation.

3.      However, Plaintiff has concluded that mediating in this case will not yield fruit, in the form of a mediated settlement in this case.   In fact, Plaintiff maintains that the parties' being compelled to incur additional costs, in the form of depositions and a formal mediation, will make it far less likely, if not impossible, for the parties to resolve this case via a settlement, making a trial inevitable.  As  a result, Plaintiff seeks an order from this Court relieving the parties of the obligation to mediate and/or, in the alternative, requiring the parties to mediate before being forced to incur additional cost and expense.

4.      As a result of this Court's rulings on Defendant Panini America, Inc.'s motion to dismiss, via this Court's Memorandum Opinion and Order dated May 8, 2025 (the "Partial Dismissal Order"), the scope and nature of the case have changed and narrowed. When the case was filed, it was contemplated that Plaintiff Vargas would be a class representative of a much larger and complex case.  When Panini filed its motion to dismiss, Plaintiff and her counsel concluded that a class action case was not the appropriate path forward.  Thus, Plaintiff alleged three individual claims against Defendant Panini under 42 U.S.C. 1981 in her Second Amended Complaint filed October 16, 2024: (a) hostile work environment; (b) constructive discharge; and (c) failure to promote.

5.      In its Partial Dismissal Order, the Court granted, in part, Panini's motion to dismiss, ruling that Plaintiff had failed to state a claim for hostile work environment and constructive discharge.  As a result of the Court's ruling, Plaintiff was left with only her failure to promote claim.

6.      The issues in the case relating to Plaintiff's lone, remaining failure to promote claim, are straightforward.  Plaintiff has now returned to work full time with another employer and Plaintiff's  economic backpay damages are limited.  Plaintiff has engaged an expert witness who has prepared a preliminary report that Plaintiff's economic backpay damages are likely less than $18,000.  To be clear, this estimate is from a preliminary report of an expert witness (Christopher G. Earle) retained by Plaintiff and because the report is preliminary, the amount of economic damages could change when Defendant Panini produces additional documents within the next week.  (The report of Mr. Earle has been produced to Defendant Panini.)

7.      As a result of the change in the nature and scope of Plaintiff's claims in this case, by virtue of the Court's Partial Dismissal Order and the preliminary report of Plaintiff's back pay

economic damages expert, Plaintiff and her counsel are realistic and pragmatic in their current evaluation and assessment of the case.  Plaintiff must also engage in a cost benefit analysis relating to this lawsuit.  It seems that Defendant should be doing the same.

8.    To be clear, Plaintiff still believes that she was wronged by Panini when she applied for the promotion that she was clearly qualified for in April of 2021, and that Panini's actions in refusing to even consider her for the position in question violated Federal law.  However, there simply is no denying that the scope and nature of the case have changed.

9.    Recognizing these things and that Plaintiff's resources are limited, Plaintiff's counsel made a formal, written settlement offer to Defendant Panini in this case.  Plaintiff believes the offer to be reasonable.  Defendant Panini has declined to respond to that offer.  While Defendant Panini is certainly entitled to decline to respond to a settlement offer, Plaintiff and her counsel have concluded that spending time and, more importantly, money in a mediation that is clearly not going to yield any fruit, would not be in the best interest of Plaintiff or, frankly, Defendant Panini.  It would likely  be a waste of time and money.

10.    Plaintiff maintains that because of how the case and, in particular, Plaintiff's claims and damages have been narrowed, the parties have sufficient information to engage in productive, direct settlement discussions now, without the need to incur the costs of a formal mediation. Defendants obviously disagree with that view and Plaintiffs acknowledge that Defendant is within its rights to decline to engage in settlement discussions with Plaintiff now, or ever.  But it seems contrary to common sense and silly and, frankly, will be counterproductive, for the parties to be compelled to participate in a costly mediation that has zero chance of advancing the settlement ball in this case.  Again, Defendant is within its rights to decline to engage in, or even consider,

reasonable settlement options, but it is nonsensical to also insist on all parties incurring the expense of multiple depositions <u>and</u> a mediation which is clearly not going to bear fruit.

11.    Defendants want to depose Plaintiff and Plaintiff recognizes that Defendant is entitled to do so.  Plaintiff will need to depose at least three (3) defense witnesses to prepare for trial.  Counsel for the parties are currently working toward scheduling these depositions.

12.    Plaintiff believes that the parties have sufficient information to engage in meaningful settlement discussions now, before incurring the costs of these depositions or incurring in a costly mediation, but Defendant disagrees.

13.    To be clear, Plaintiff is not seeking an order from the Court denying Defendant the right to depose Plaintiff.  But in light of the realities of the current scope and nature of the case, there is no reason for the parties to be compelled to incur the costs of mediation, in addition to deposition expenses, when there simply is no pathway forward toward settlement.

14.    Plaintiff disagrees with Defendant that incurring the costs of multiple depositions and a formal mediation will increase the likelihood of a settlement in this case.  In fact, by being compelled to incur these additional costs, Plaintiff's settlement options will be even more limited. Nevertheless, Defendant is seeking <u>both</u> the depositions <u>and</u> a formal mediation, before even considering settlement options, when Defendant certainly has sufficient information to competently evaluate the case, for purposes of settlement now.

15.    Plaintiff therefore requests the Court order that the parties be relieved of the obligation to incur the costs and expenses of a formal mediation in this case OR, if the Court still believes that mediation is appropriate, that the Court order the parties to participate in a formal mediation <u>before</u> incurring the costs of multiple depositions.  The mediator has indicated her availability to conduct a ½ day mediation on or before February 12, 2026.  If the mediation is

unsuccessful, the parties would still have sufficient time to complete depositions before the discovery cut off of March 23, 2026.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF Nora Vargas requests the Court to enter an order directing that the parties not be required to mediate this case or, in the alternative, that if the Court believes that a mediation should occur in this case, that the parties mediate before depositions commence.

Respectfully submitted,

**Rogge Dunn Group, P.C.**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Tel: 214.888.5000
Fax: 214.220.3833

*/s/ Earl Nesbitt*_____
Earl Nesbitt
Texas Bar No. 14916900
nesbitt@roggedunngroup.com
Rogge Dunn
Texas Bar No. 06249500
rogge@roggedunngroup.com
Lane Webster
Texas Bar No. 24089042
Webster@roggedunngroup.com

**Weinberg Zareh Malkin Price LLP**
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Tel. 212.899.5470

Omid Zareh
ozareh@wzmplaw.com
*Admitted Pro Hac Vice*

John T. Fant
Texas Bar No. 24093415
jfant@wzmplaw.com
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendant Panini America, Inc., Ms. Megan Mitchell, via telephone and e-mail and Ms. Mitchell has confirmed that Defendant is opposed to the relief requested in this motion.  Therefore, the motion is presented to the Court for resolution.

// s // Earl S. Nesbitt
Earl S. Nesbitt

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing instrument was served on the Parties' counsel of record pursuant to the Rules, on this 14TH day of January, 2026, addressed as follows:

| | |
|---|---|
| Laura E. De Santos | ☒ **VIA ECF / PORTAL** |
| Megan M. Mitchell | ☐ **VIA OVERNIGHT DELIVERY** |
| Hayley D. Friedman | ☐ **VIA HAND-DELIVERY** |
| Sona Garcia | ☐ **VIA FIRST CLASS MAIL** |
| Gordon Rees Scully Mansukhani, | ☐ **VIA FAX:** |
| LLP | ☐ **VIA EMAIL:** |
| | ☐ **VIA CMRRR:** |

| | |
|---|---|
| Robin G. Shaughnessy | ☒ **VIA ECF / PORTAL** |
| Aaron S. Nava | ☐ **VIA OVERNIGHT DELIVERY** |
| Seth M. Roberts | ☐ **VIA HAND-DELIVERY** |
| David M. Gregory | ☐ **VIA FIRST CLASS MAIL** |
| Toyja E. Kelley, Sr. | ☐ **VIA FAX:** |
| Troutman Pepper Locke LLP | ☐ **VIA EMAIL:** |
| | ☐ **VIA CMRRR:** |

// s // Earl S. Nesbitt
**EARL NESBITT**